UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL C. JAMERSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:23-cv-00506-SEP |
| GREGORY HANCOCK, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is Michael C. Jamerson's Motion for Leave to Proceed *in forma pauperis*, Doc. [2], and Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. [1]. The Court has reviewed Petitioner's motion and determined that he is unable to pay the filing fee. Thus, the motion for leave to proceed *in forma pauperis* is granted. The Court also finds that the petition is an unauthorized "second or successive" petition, which this Court lacks jurisdiction to consider, and it must therefore be dismissed.

### BACKGROUND

Petitioner is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri, pursuant to judgment and sentence entered in *State v. Jamerson,* No. 07SL-CR04697-01 (21st Jud. Cir. 2007). In that case, a jury convicted Petitioner of first-degree burglary, first-degree assault, and armed criminal action, and the circuit court sentenced him to a seventeen-year term of imprisonment.

Petitioner sought direct review, and the Missouri Court of Appeals affirmed his convictions and sentences. *State v. Jamerson*, 334 S.W.3d 921 (Mo. Ct. App. 2011). Petitioner then filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15, which the motion court denied. Petitioner appealed, and the Missouri Court of Appeals affirmed the motion court's decision. *Jamerson v. State*, 410 S.W.3d 299 (Mo. Ct. App. 2013).

In February 2014, Petitioner filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus seeking to challenge his convictions and sentences. *See Jamerson v. Wallace,* No. 4:14-CV-241-CDP (E.D. Mo. 2014) ("*Jamerson I*"). On March 8, 2016, the court denied the petition, and Petitioner appealed. The United States Court of Appeals for the Eighth Circuit dismissed that appeal. The district court's denial of the petition was an adjudication on the merits that

would render a later petition challenging the same judgment a "second or successive" petition under 28 U.S.C. § 2244.

On April 19, 2023, Petitioner instituted the case at bar by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Doc. [1]. On May 4, 2023, Petitioner submitted a filing titled "Permission to File Motion for Leave of Court Under Federal Rule Civil Proce[]dure 15 and 55.33." Doc. [5]. Provided with that filing was another Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, on which Petitioner had written "(Amended)." Doc. [5-1]. In both the original and proposed amended petitions, Petitioner contests the same custody imposed by the same state court judgment that he challenged in *Jamerson I*.

## DISCUSSION

The decision in *Jamerson I* was an adjudication on the merits that would render future 28 U.S.C. § 2254 petitions challenging the same judgment "second or successive" petitions under 28 U.S.C. § 2244. Petitioner was in custody pursuant to the judgment entered in *State v. Jamerson*, No. 07SL-CR04697-01, when he filed the petition in *Jamerson I*. He was being held in custody pursuant to that same judgment when he instituted this action, and he brings claims challenging the same custody imposed by the same state court judgment. The instant petition is therefore a "second or successive" petition.

The Anti-Terrorism and Effective Death Penalty Act of 1996 established procedures that a prisoner in custody pursuant to a state-court judgment must follow if he wishes to file a second or successive habeas corpus petition challenging that custody. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007). Specifically, before filing such a petition in the district court, the prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If a prisoner files a § 2254 petition without obtaining the necessary authorization, the district court lacks jurisdiction to consider it. *Burton*, 549 U.S. at 147.

Petitioner does not appear to have obtained the necessary authorization before filing the petition. The petition is therefore an unauthorized "second or successive" habeas petition—a conclusion that also applies to Petitioner's proposed amended petition. *See* Doc. [5-1]. Thus, this action must dismissed for lack of subject matter jurisdiction.

The Court also finds that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. 28 U.S.C. § 2253(c); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Thus, the Court will not issue a certificate of appealability as to any claims raised in Petitioner's § 2254 petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. [1], is **DISMISSED without prejudice** for lack of subject matter jurisdiction. A separate order of dismissal accompanies this Memorandum and Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion seeking the appointment of counsel, Doc. [4], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Petitioner's motion titled "Permission to File Motion for Leave of Court Under Federal Rule Civil Proce[]dure 15 and 55.33," Doc. [5], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 6th day of July, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE